STATE ex rel. REBECCA RICKART, Relator, v. WILLIAM M. KINSEY, Judge, Respondent.

St. Louis Court of Appeals.  Argued and Submitted November 15, 1912.  Opinion Filed December 3, 1912.

MANDAMUS: Habeas Corpus: Refusal of Court to Proceed with Trial. A circuit court, issuing a writ of *habeas corpus* and refusing to proceed further under it, will be required by mandamus to proceed with the trial and determination of the issues presented.

Original Proceeding by Mandamus.

WRIT MADE PEREMPTORY.

*Frank X. Hiemenz* for relator.

Mandamus will lie to compel an inferior court to hear and determine a writ of *habeas corpus,* after the issuance of the writ. Ex parte Malone, 30 Ala. 49; Ex parte Jones, 94 Ala. 34; Ex parte Charleston, 107 Ala. 689; High's Extraordinary Legal Remedies, sec. 266, p. 258.

*J. D. Johnson* and *Loomis C. Johnson* for respondent.

REYNOLDS, P. J.—This is an original proceeding to compel respondent, as judge of the circuit court of the city of St. Louis, presiding in Division No. 7 thereof, to hear and proceed to judgment in an application under the *habeas corpus* act, the relator here being the relator in the application for *habeas corpus,* one L. B. Tebbetts and others being the respondents in that proceeding. It appears that on the application of Rebecca Rickart, as guardian of two of the minor children of of Ellen M. Breck, deceased, a writ of *habeas corpus* was issued against Mr. Tebbetts, commanding him to produce these minor children in court and turn them over to the custody of Mrs. Rebecca Rickart. Issuing the writ, when it came on for hearing, the honorable circuit judge refused to proceed further with it, assigning as his ground for refusal that there was pending in the St. Louis Court of Appeals the case of State ex rel. Tebbetts against the Honorable Charles W. Holtcamp, as judge of the probate court of the city of St. Louis, that case having been appealed from the decision of the circuit court, and that until the determination of that case he would not·proceed with the hearing or determination of the *habeas corpus.* We have, at this session, by judgment entered, affirmed the action of the circuit court in refusing to set aside that of the probate court, ånd as the pendency of this cause was the sole ground of refusal of action by the circuit judge, and as that obstacle has been removed by our decision, the objection of the honorable circuit judge to proceed with the *habeas corpus* is removed. Hence we do not consider it necessary to enter into any examination or determination of the points presented by counsel as reasons why the *habeas corpus* matter should not have been suspended notwithstanding the appeal. We assume that the learned circuit

judge will now proceed to the determination of the *habeas corpus.* To the end, however, that the record may be in proper form, it is ordered that the alternative writ of mandamus heretofore issued in this cause be and it is hereby made absolute. *Nortoni* and *Caulfield, JJ.,* concur.